## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

May 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROSETTA L. DALTON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0976**  (BOR Appeal No. 2045465)
(Claim No. 2005004063)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CRUMP FAMILY RESTAURANTS, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Rosetta L. Dalton, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Crump Family Restaurants, Inc., by Gregory W. Sproles, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 8, 2011, in which the Board affirmed a January 4, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 28, 2009, decision granting the claimant a 2% permanent partial disability award for scars related to her ACL surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Dalton received an injury to her right knee on July 27, 2004, when she fell while working at a restaurant owned by Crump Family Restaurants, Inc. Her claims for sprain of right knee and unspecified internal derangement were held compensable by the claims administrator and she underwent ACL reconstruction to repair the injury to her right knee. The claims administrator then granted her 2% permanent partial disability award relating to the scars from her ACL surgery. Ms. Dalton protested, requesting an additional 4% permanent partial disability for loss of range of motion, and 3% permanent partial disability for muscle atrophy, leading to this appeal.

The Office of Judges found that Ms. Dalton failed to meet her burden of proof demonstrating that she was entitled to greater than a 2% permanent partial disability award for her injury. The Office of Judges found that her additional claim was based on evidence which lacked credibility and persuasiveness. The Office of Judges found that the report of Dr. Guberman, which recommended an additional 4% impairment for lost range of motion and 3% impairment for muscle atrophy in the right leg, was unreliable because the evidence did not meet the standards set out in the American Medical Association, *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Guberman combined methods for evaluating range of motion and muscle atrophy even though the American Medical Association, *Guides*, direct an examiner to base his finding on only one method. Dr. Guberman did not sufficiently justify his evaluation methods in order to persuade the Office of Judges to accept his recommendation.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order on June 8, 2011.

We agree with the findings and reasoning of the Office of Judges. Since the Office of Judges found Ms. Dalton's evidence supporting an additional permanent partial disability award for loss of range of motion and muscle atrophy to be unpersuasive, it was not clearly wrong to limit Ms. Dalton's permanent partial disability award to 2% for scars related to her ACL reconstruction. The Board of Review was correct to affirm the Order of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum